# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>VAZQUEZ, et. al.,<br><br>    Defendants.<br>_____/ | CV F   05-709 AWI NEW (DLB) P<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR TEMPORARY RESTRAINING ORDER (Docs. 19, 21.) |

    Harold Walker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1]

    Plaintiff initiated this action on June 2, 2005, alleging an Eighth Amendment medical care claim. On November 21, 2006, the Court granted Plaintiff's Application to Proceed In Forma Pauperis. On February 13, 2007, Plaintiff filed a Motion for Injunction and Temporary Restraining Order. Plaintiff states that On February 6, 2007, he was handcuffed and taken out of his cell. Plaintiff states that he was threatened that he would be put in administrative segregation if he filed an inmate appeal. Plaintiff states that his rights were violated. On February 16, 2007, Plaintiff submitted a second Motion for Emergency Injunction and Restraining Order on the same basis.

    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

---

[1] Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis.

1

1  granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
2  Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a
3  preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the
4  moving party that justice requires the court to intervene to secure the positions until the merits of
5  the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395
6  (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a
7  combination of probable success and the possibility of irreparable harm, or (2) that serious
8  questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air
9  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
10 demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if
11 the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff
12 "must demonstrate a fair chance of success of the merits, or questions serious enough to require
13 litigation."  Id.

14      A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
15 threshold and preliminary matter the court must have before it for consideration a "case" or
16 "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
17 "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.
18 2d 1159, 1162-63 (9th Cir. 1972).

19      At this juncture, Plaintiff has not stated any cognizable claims for relief in this action.
20 The Court is required to screen the complaints to ensure that it states a cognizable claim for
21 relief.  Thus, at this time, Plaintiff is not entitled to any type of preliminary injunction, as the
22 Court lacks jurisdiction to issue any such orders.  Plaintiff is also informed that the filing of
23 duplicative motions is improper.  Should Plaintiff continue to file such Motions or Motions
24 wherein he has already been informed are premature, the Court will strike such motions from the
25 record.

26      Accordingly, the Court RECOMMENDS that the Motions for Temporary Restraining
27 Orders be DENIED.

28      The Court HEREBY ORDERS that these Findings and Recommendations be submitted

1  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3  District Court, Eastern District of California.  Within THIRTY (30) days after being served with
4  a copy of these Findings and Recommendations, any party may file written Objections with the
5  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
8  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10 may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
11 (9th Cir. 1991).

12       IT IS SO ORDERED.

13       Dated:   __**February 21, 2007**__         _____**/s/ Dennis L. Beck**_____
         3b142a                                     UNITED STATES MAGISTRATE JUDGE