# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | CV F   05 709 AWI NEW (DLB) P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DENY MOTION FOR COURT ORDER GRANTING ACCESS TO COURT AND LAW LIBRARY |
| VAZQUEZ, et. al., | (Doc. 22.) |
| Defendants. | |

Harold Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 20, 2007, Plaintiff filed a pleading titled "Motion for Court Order for Access to Court and to Law Library and Other Legal Material." Plaintiff asks the Court to issue an order giving him this access so he can confirm that the Rules of Court are contained at his institution. Plaintiff states also that it is necessary for him to make copies of documents to be submitted to the Court.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either

1  approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an
2  injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a
3  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
4  questions serious enough to require litigation." Id.

5       A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to
6  litigate this action effectively or efficiently. A federal court is a court of limited jurisdiction.
7  Because of this limited jurisdiction, as a threshold and preliminary matter the court must have
8  before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If
9  the court does not have a "case" or "controversy" before it, it has no power to hear the matter in
10  question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). The issuance of the order
11  sought by Plaintiff in his motion would not remedy any of the claims alleged in this action.[1]
12  Accordingly, the court lacks jurisdiction to issue such an order.

13       Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for
14  a court order requiring prison officials provide him with law library access filed February 20,
15  2007, be DENIED.

16       These Findings and Recommendations will be submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
18  thirty (30) days after being served with these Findings and Recommendations, plaintiff may file
19  written objections with the court. The document should be captioned "Objections to Magistrate
20  Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
21  within the specified time may waive the right to appeal the District Court's order. Martinez v.
22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23     IT IS SO ORDERED.

24     **Dated:   February 27, 2007**                      **/s/ Dennis L. Beck**
    3b142a                                          UNITED STATES MAGISTRATE JUDGE
25

---

[1] The Court has not yet screened Plaintiff's complaint. The Court has a heavy case load and will screen Plaintiff's Complaint in due course. Although the Court has not yet reviewed Plaintiff's claims, a court order seeking law library access to litigate this action unquestionably fails to remedy underlying claims alleged in this action.