# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>        Plaintiff,<br><br>  v.<br><br>VAZQUEZ, et. al.,<br><br>        Defendants.<br>_____ / | CV F  05 709 AWI NEW (DLB) P<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR RESTRAINING ORDER (Doc. 30.) |

    Harold Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed this action on June 2, 2005.  On March 30, 2007, Plaintiff moved for a Restraining Order against prison officials in order to compel more frequent access to the law library and generally complaining about how he is being treated in the prison.  The Court recently addressed the law library issue in Findings and Recommendations issued on February 27, 2007. (Docs. 22, 27.)  In those Findings and Recommendations, Plaintiff was informed that injunctive relief was not available to Plaintiff to compel better access to the law library.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

"demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). The issuance of the order sought by Plaintiff in his motion would not remedy any of the claims alleged in this action.[1] Accordingly, the court lacks jurisdiction to issue such an order.

To the extent Plaintiff is attempting to raise new allegations concerning retaliation or excessive force, Plaintiff may not add those claims to this action, nor may he obtain injunctive relief in this action on that basis. Plaintiff must first exhaust his administrative remedies with regard to the new allegations/violations and then file a new action altogether. Because the exhaustion requirement demands that exhaustion have occurred prior to the filing of a lawsuit, Plaintiff may not add new claims to this action if they arose after he initiated this suit.

Based on the foregoing, the Court again RECOMMENDS that Plaintiff's Motion for a Restraining Order court order requiring prison officials provide him with law library access filed February 20, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District

---

[1] The Court has not yet screened Plaintiff's complaint. The Court has a heavy case load and will screen Plaintiff's Complaint in due course. Although the Court has not yet reviewed Plaintiff's claims, a court order seeking law library access to litigate this action unquestionably fails to remedy underlying claims alleged in this action.

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 11, 2007**      **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE