# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | 1:05-cv-00709-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS FOR INJUNCTIVE RELIEF (Docs. 42, 43, 49, 52, 57.) |
| v. | |
| VAZQUEZ, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

**I. BACKGROUND**

Plaintiff, Harold Walker ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on June 2, 2005. (Doc. 1.) This action now proceeds on the first amended complaint filed February 28, 2007, against defendants Lt. Hutchinson, Sgt. M. Miranda, C/O R. Hagea, C/O A. Salgado, C/O A. Sandoval, and C/O E. Welch, for use of excessive force in violation of the Eighth Amendment. (Doc. 28.) On November 3, 2008, November 7, 2008, December 22, 2008, January 20, 2009, and March 3, 2009, plaintiff filed motions for preliminary injunctive relief, and the motions are now before the court. (Docs. 42, 43, 49, 52, 57.)

**II. INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions

1

until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

This action is proceeding against defendants for violations of plaintiff's rights under the Eighth Amendment, based on allegations of excessive physical force against plaintiff. Plaintiff now requests a court order directing prison officials at Wasco State Prison to stop harassing and retaliating against him, to return his legal material which was confiscated from him, and to pay the court for copies of documents from plaintiff's case file. Plaintiff also wishes the court to direct prison officials to allow him meaningful access to the courts and to the law library, and to allow him to use legal materials such as law books, rules of court, paper and mailing supplies. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff, and plaintiff's motions for preliminary injunctive relief must be denied.

**III.    ALLEGATIONS OF ASSAULT BY CORRECTIONAL OFFICER**

Plaintiff alleges that a correctional officer assaulted him on October 17, 2008, after which he was placed in Administrative Segregation, his property was taken from him, false allegations were

made against him, his due process rights were violated, and his release date was extended.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).

In light of section 1997e(a), plaintiff may not bring new claims in this case that arose after June 2, 2005, the date this suit was filed. Therefore, the court shall not address plaintiff's allegations of assault occurring on October 17, 2008, or the events that followed, in this action. If plaintiff wishes to bring new claims, he must file a new action.

**IV. CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief filed November 3, 2008, November 7, 2008, December 22, 2008, January 20, 2009 and March 3, 2009 be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 23, 2009**          /s/ **Gary S. Austin**

3

UNITED STATES MAGISTRATE JUDGE