# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | 1:05-cv-00709-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| HUTCHINSON, et al., | (Doc. 58.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

_____/

## I.    BACKGROUND

Plaintiff Harold Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 2, 2005.  (Doc. 1.)  The case now proceeds on the amended complaint filed on February 28, 2007, against defendants Lt. Hutchinson, Sgt. M. Miranda, C/O R. Hagea, C/O A. Salgado, C/O A. Sandoval, and C/O E. Welch, for use of excessive force in violation of the Eighth Amendment (Doc. 28.)[1]

On March 16, 2009, defendants Miranda, Sandoval, and Welch ("Defendants") filed a motion to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies.[2]

---

[1]All other claims and defendants were dismissed by the Court on November 12, 2008.  (Doc. 44.)

[2]Defendants Hutchinson, Hagea, and Salgado were not located by the United States Marshal, and service was returned un-executed.  (Docs. 70, 71, 72.)

1

1   (Doc. 58.)  On April 7, 2009, Plaintiff filed an opposition to the motion.[3]  (Doc. 64.)  On April 9,

2   2009, Defendants filed a reply to Plaintiff's opposition.  (Doc. 65.)  On October 28, 2009,

3   Plaintiff filed a surreply which was stricken by the Court as improper on December 8, 2009.

4   (Docs. 81, 82.)  Defendants' motion to dismiss is now before the Court.

5   **II.      STATUTORY EXHAUSTION REQUIREMENT**

6          Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

7   brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

8   a prisoner confined in any jail, prison, or other correctional facility until such administrative

9   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners must complete the

10  prison's administrative process, regardless of the relief sought by the prisoner and regardless of

11  the relief offered by the process, as long as the administrative process can provide some sort of

12  relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "Proper

13  exhaustion[, which] demands compliance with an agency's deadlines and other critical

14  procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be

15  satisfied "by filing an untimely or otherwise procedurally defective . . . appeal."  Id. at 83-84.

16         The Prison Litigation Reform Act requires a prisoner to exhaust "such administrative

17  remedies as are available" before suing over prison conditions.  42 U.S.C. §1997e(a).  The Booth

18  court held that the PLRA requires administrative exhaustion even where the grievance process

19  does not permit award of money damages and prisoner seeks only money damages, as long as the

20  grievance tribunal has authority to take some responsive action.  Booth, 532 U.S. at 732.  "The

21  meaning of the phrase 'administrative remedies ... available' is the crux of the case."  Id. at 731.

22  In discussing the meaning of the term "remedy," the court noted that "depending on where one

23  looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking

24  redress, or *the process itself*, the procedural avenue leading to some relief."  Id. at 738. (emphasis

25  added.)  Thus, the court determined that the language of the statute, which requires that the

26  "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be

27  _____

28      [3]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on
November 24, 2008.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 47.)

1   entertained, refers to "exhaustion" of the *process available*. Id. at 738-739.  (emphasis added.)   It

2   follows, then, that if an inmate exhausts the process that is made available to him, he has

3   satisfied the requirement of the statute.

4        Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

5   defense under which Defendants have the burden of raising and proving the absence of

6   exhaustion.  42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v.

7   Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative

8   remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than

9   a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's &

10  Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion

11  to dismiss for failure to exhaust administrative remedies, the Court may look beyond the

12  pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

13  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

14  dismissal without prejudice.  Id.

15  **III.    DISCUSSION**

16       The Court takes judicial notice of the fact that the California Department of Corrections

17  and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints.

18  Cal.Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.

19  Id. at § 3084.2(a).  Appeals must be submitted within fifteen working days of the event being

20  appealed, and the process is initiated by submission of the appeal to the informal level, or in

21  some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  Four levels of appeal are

22  involved, including the informal level, first formal level, second formal level, and third formal

23  level, also known as the "Director's Level."  Id. at § 3084.5.  In order to satisfy § 1997e(a),

24  California state prisoners are required to use this process to exhaust their claims prior to filing

25  suit.  Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d, 1198, 1199-1201 (9th Cir. 2002).

26       Defendants bring a motion to dismiss the complaint pursuant to Rule 12(b), for Plaintiff's

27  failure to exhaust administrative remedies before filing suit.  Defendants submit evidence that

28  Wasco State Prison ("WSP"), where Plaintiff was incarcerated at the time of the events at issue,

has no record that Plaintiff filed an inmate appeal on May 12, 2005 concerning excessive force

by any CDCR employee.  (Escalante Decl. ¶7, Ex. A.)  Defendants alternatively argue that if

Plaintiff filed such an appeal, he did not submit it through all required levels of review, because

the Inmate Appeals Branch has no record of any appeal filed by Plaintiff, concerning excessive

force by correctional staff, that was accepted for Director's level review as of March 13, 2009.

(Mtn. at 5:3-6; Grannis Decl. ¶4.)

In opposition, Plaintiff argues that he exhausted his remedies by filing a Citizen's

Complaint on May 13, 2005, pursuant to Title 15 of the California Code of Regulations § 3391.

(Opp'n at 1:19-25, 2:21-22; Walker Decl. at 1:19-23.)  Plaintiff also indicates in the amended

complaint that he exhausted his remedies when he filed an inmate grievance and never received a

response.[4]  (AmdCmp. at 2 ¶II.)

Defendants reply that Plaintiff has not exhausted his remedies, because he did not use the

inmate grievance process set forth in Title 15 of the California Code of Regulations § 3084.1 et

seq, which is the only way to exhaust his administrative remedies. (Defts' Reply at 1:21-28.)

Plaintiff's claims in this action arise from events which occurred while Plaintiff was

incarcerated at WSP.  Specifically, Plaintiff alleges that on May 12, 2005, Sgt. Miranda placed

him in handcuffs, escorted him out of the building, hit him in the eye, and slammed him face-first

into the ground, injuring his face, head, neck, and back.  Plaintiff alleges that Lt. Hutchinson and

C/O's Hagea, Salgado, Sandoval, and Welch dragged him across the yard to the program office

where he was "slammed" against the wall numerous times.  Plaintiff alleges that a bag was

placed over his head and he was "slammed" against the wall again.  Plaintiff also alleges that

restraints were placed on his legs, cutting off circulation to his feet and making it difficult for

him to walk.

Defendants have submitted evidence showing that Plaintiff did not properly exhaust the

administrative remedies available to him, in compliance with § 1997e(a).  Wasco State Prison's

---

[4]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond
the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Plaintiff signed the amended
complaint under penalty of perjury.  Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the
evidence in his verified amended complaint and its accompanying exhibits.

official records do not include any appeal filed by Plaintiff between May 12, 2005, the date of the excessive force incident at issue, and June 2, 2005, the date Plaintiff filed this lawsuit.   N. Grannis, Chief of the Inmate Appeals Branch ("IAB"), made a search of the IAB's official records and found no record of appeals submitted to the Director's Level by Plaintiff between May 12, 2005 and March 13, 2009.  Plaintiff's argument that he exhausted his remedies by filing a Citizen's Complaint pursuant to § 3391 fails, because in order to satisfy § 1997e(a), California state prisoners are required to use the CDCR's administrative grievance system pursuant to § 3084.1 <u>et</u> <u>seq</u>.  Plaintiff provides no evidence that he followed the required process.  Therefore, Defendants are entitled to dismissal of this action in its entirety.[5]

## IV.      CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a).  Defendants show an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, <u>et</u> <u>seq</u>., concerning Plaintiff's allegations of excessive force, before the complaint was filed.   Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement.  Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed March 16, 2009, be GRANTED, and this action be dismissed in its entirety, without prejudice, based on Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   The

///

///

---

[5]Defendants Hutchinson, Hagea, and Salgado were not served but have not been dismissed pursuant to Federal Rule of Civil Procedure 4(m).  Because the claims against all of the defendants arise from the same events, the finding that Plaintiff failed to exhaust his claims results in dismissal of the entire action.

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:    December 9, 2009                          /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28